[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
This matter arises from a motion for a deficiency judgment following a judgment of strict foreclosure. The property in issue is a parcel of land in East Granby, in the vicinity of Bradley Field, on which are situated four commercial buildings of somewhat different characters: one, 99 Rainbow Road, is entirely devoted to office space; a second, 11 Kripes Road, is apparently entirely devoted to office space, following substantial renovations by the current tenant; and the third and fourth buildings, 7 Kripes Road and 17 Kripes Road, are devoted to mixed office and warehouse/industrial space. A tower which generates rental income from the Federal Aviation Administration is also located on the property.
The parties agreed that the debt, for purposes of calculating any deficiency judgment, is $2,974,637.71. The primary issue to be resolved is the market value of the property on the date title vested in the plaintiff, which is October 6, 2000. One appraiser testified on behalf on each side as to the value of the premises; in addition, an appraiser testified on behalf of the defendant for the purpose of critiquing the plaintiff's appraisal. The plaintiff's appraisal consisted of an original appraisal and an update, prepared after the appraiser viewed the interior of the buildings and gained more information. The update increased the valuation by approximately $300,000.
Both appraisers used both the comparable sales approach and the income approach to reach an evaluation; both agreed that the income approach was somewhat more reliable. Using the comparable sales approach,[1] the plaintiff's appraiser found the value of the four buildings and the land to be $2,690,000. The plaintiff's appraiser found the income approach to[2] yield a value of $2,735,000. Because he believed that the income approach was more reliable, he reached the conclusion that the market value was $2,725,000. CT Page 4895
The defendant's appraiser used the same approaches and, although the process reached somewhat higher values, the results were remarkably consistent. The defendant's appraiser treated the buildings as different entities and concluded under the comparative sales approach that the market value of the four buildings and the land was $3,600,000. Using the income approach, the value was found to be $3,450,000. Because he gave greater weight to the income approach, he concluded that the market value was $3,500,000.
I found the opinions of both appraisers to be useful and largely credible, in that both used accepted practices and were candid about their findings. I decline, then, the invitation of the defendant to decide the case simply on the basis that the plaintiff did not present sufficiently credible evidence to sustain its burden of proof[3] Cf.Eichmann v. J. J Building Co., 216 Conn. 443 (1990). I do find, however, that the defendant's analysis is somewhat more compelling than the plaintiff's. I agree with both appraisers that the income approach is the more persuasive, and that the sales approach best serves, in the context of this case, as a check to be sure that the income approach is not yielding skewed results. The defendant's analysis under the income approach began with the actual rents that the properties were generating, and then of course made projections from the existing rental agreements. Although there of course are some assumptions and subjective judgments involved in reaching the conclusions, it does seem to me that the most reliable starting point in determining the market value of an income-producing property is the income that it actually produces, subject, of course, to the understanding that the current rents have been reached in a fair market. In the circumstances of this case, I also believe it makes more sense in the sales approach analysis to treat the buildings as separate properties rather than as one large structure. Because the plaintiff adjusted the comparable sales by a factor inversely related to the size of the building, I believe that the plaintiff's sales approach was inappropriately low.
I have carefully read the reports, and considered the testimony of all the experts, and I reach the compromise value[4] of $3,200,000. Because this amount is greater than the debt, even if a disputed environmental cost is included in the debt, the motion for a deficiency judgment is overruled.
Beach, J.